# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:09-cr-65 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| DARRYL MOSLEY, | : | |
| | : | |
| Defendant. | : | |

## ORDER DENYING DEFENDANT'S MOTION
## FOR COMPASSIONATE RELEASE

This criminal case is before the Court on Defendant's motion for compassionate release, pursuant to 18 U.S.C. § 3582. (Doc. 69).[1]

## I. BACKGROUND

On May 20, 2009, Defendant Darryl Mosley was charged by way of a one-count Indictment with felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (Doc. 1). As charged, Defendant was subject to a maximum term of 10 years. 18 U.S.C. § 924(c).

On February 16, 2010, Defendant appeared before the Honorable Arthur Spiegel and entered a plea of guilty to Count 1 of the Indictment. (Min. Entry, Feb. 16, 2010). As part of Defendant's guilty plea, Defendant admitted to the facts set forth in his

---

[1] Defendant previously filed a *pro se* motion seeking reduction of his federal sentence, pursuant to 18 U.S.C. § 3582. (Doc. 64). Defendant then filed related *pro se* motions in support of and/or requesting a status review and a ruling on his motion for reduction of sentence. (Docs. 67, 70). Subsequently, the instant motion for compassionate release (Doc. 69) was filed on Defendant's behalf, through appointed counsel, and incorporates and expands upon Defendant's prior *pro se* motion (Doc. 64). As this Order resolves all arguments, Defendant's *pro se* filings (Docs. 64, 67, 70) shall be **terminated as moot**.

Statement of Facts. (Doc. 18). In sum, Defendant admitted that, while police officers were conducting a traffic stop, an officer recovered a .38 caliber revolver loaded with four live rounds of ammunition from Defendant's person. (*Id.*) Defendant further admitted that he possessed the firearm after having previously been convicted of prior felony offenses of burglary and drug trafficking in state court. (*Id.*)

Defendant's final PSR was completed on April 28, 2010. As stated in the PSR and ultimately calculated by the Court, Defendant's offense conduct resulted in a Total Offense Level of 21, a Criminal History Category VI, and a Guideline Range of 77 to 96 months imprisonment. (PSR at 28). On July 15, 2010, Defendant was sentenced to 46 months imprisonment, followed by three years of supervised release. (Doc. 31; Min. Entry, July 15, 2010).[2]

On April 10, 2012, Defendant commenced his three years of federal supervised release, following his release from federal custody. On October 24, 2014, the Court was advised that, on August 5, 2014, Defendant, while on federal supervision, had pled guilty to state court charges of involuntary manslaughter and having weapons while under disability. (Doc. 52). The state court sentenced Defendant to an aggregate term of 10 years in state custody. (*Id.*) Based on this information, the Court found probable cause

---

[2] As noted in Defendant's Statement of Reasons, Judge Spiegel found that numerous aggravating factors—including Defendant's lengthy and serious criminal history, his lack of rehabilitative progress, and his persistence in committing offenses while on supervision—all warranted a mid-Guideline sentence. (Doc. 31 at 4-5). Nevertheless, the Court ultimately sentenced Defendant to 46 months, based on the Government's motion for downward departure. (*Id.*) In February 2011, Defendant's sentence was further reduced to 31 months, again on the Government's motion. (Docs. 32, 33, 34).

that Defendant had violated the terms of his supervised release and, accordingly, the Court issued a warrant for Defendant's arrest. (Doc. 53).

On December 4, 2014, Defendant appeared before the Honorable Susan J. Dlott for his supervised release revocation hearing. (Doc. 62). During the hearing, Defendant admitted that he violated a condition of his supervised release by committing the state court offenses. (Docs. 60, 61, 62). Accordingly, Defendant's supervision was revoked, and Defendant was sentenced to an additional one-year imprisonment, to run consecutive to his state court sentence. (*Id.*)

As of the date of this Order, Defendant has not yet completed serving his 10-year state court sentence. Therefore, Defendant is currently in state custody and has not yet begun to serve his federal revocation sentence. Defendant is, however, expected to complete his state sentence, and thus be transferred to the custody of the federal Bureau of Prisons (the "BOP"), on or about December 23, 2023. *See* Offender Details, Ohio Department of Rehabilitation & Correction, *available at* https://appgateway.drc.ohio.gov/ OffenderSearch/Search/Details/A708181 (last visited Dec. 15, 2023). In short, Defendant will soon be, but is not yet, in federal custody.

## II. STANDARD OF REVIEW

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment," and "the court may not modify a term of imprisonment once it has been imposed," subject to limited exceptions. 18 U.S.C. § 3582(b), (c); *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such exception permits the Court to reduce a term of imprisonment, either upon a motion brought by the Bureau of Prisons ("BOP"), or on

the defendant's own motion, seeking compassionate release. *Id*. at § 3582(c)(1)(A)(i). A defendant may file a motion for compassionate release with the Court after exhausting the BOP's administrative process, or thirty days after the warden receives the defendant's compassionate release request, whichever is earlier. *Id*. at § 3582(c)(1)(A).

To grant a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), the Court must: **first**, find that "extraordinary and compelling reasons warrant [] reduction [of the sentence]"; **second**, find that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission" (specifically, U.S.S.G. § 1B1.13); and **third**, consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020).

However, pursuant to Sixth Circuit precedent, the second step of the Court's three-step § 3582(c)(1)(A) inquiry—*i.e.*, finding that the reduction is consistent with U.S.S.G. § 1B1.13—does **not** apply to motions brought by the *defendant*. *Jones*, 980 F.3d at 1109 (citing *United States v. Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)); *Elias*, 984 F.3d at 519 (noting the Sixth Circuit's holding is consistent with the Second, Fourth, and Seventh Circuits, as well as the majority of district courts).

"The district court has substantial discretion," in deciding a motion for compassionate release. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020) ("The statute says that the district court 'may' reduce a sentence if it finds the first two requirements met; it does not say that the district court must do so").

Defendant bears the burden of showing that he is entitled to compassionate release. *E.g.*, *United States v. Kannell*, No. 20-12635, 2021 WL 223485, at *1 (11th Cir. Jan. 22, 2021) ("The movant bears the burden of proving entitlement to relief under section 3582"); *United States v. Melgarejo*, 830 F. App'x 776, 778 (7th Cir. 2020) ("[the defendant] did not meet his burden of demonstrating that his circumstances were extraordinary and compelling"); *cf. United States v. McClain*, 691 F.3d 774, 777 (6th Cir. 2012) (holding that the defendant bears the burden to show he is entitled to reduction of sentence under 18 U.S.C. § 3582(c)(2)).

### III.  ANALYSIS

Defendant moves for compassionate release from his federal revocation sentence. (Doc. 69). Specifically, Defendant requests that the Court relieve him of his obligation to serve his consecutive one-year federal sentence, asserting that he has made significant rehabilitative progress and, most importantly, that he needs to be at home to care for his sick wife and his wife's children. (*Id.*)

To start, the Court would note that it cannot technically grant Defendant compassionate release, because Defendant is not in federal custody. "'[B]y its plain terms, [the compassionate release statute] applies only to those defendants who have begun serving their term of imprisonment at a BOP facility.'" *United States v. Nascimento*, No. CR 5:21-02-KKC, 2021 WL 2002437, at *1 (E.D. Ky. May 19, 2021) (quoting *United States v. Konny*, 463 F. Supp. 3d 402, 404 (S.D.N.Y. 2020)) (alteration in original); *see also Jerore v. Michigan*, No. 20-CV-12989, 2021 WL 1056772, at *1

5

(E.D. Mich. Mar. 19, 2021) ("Federal district courts do not have jurisdiction to grant compassionate relief to an inmate outside of the federal system.").

Additionally, before the Court can grant compassionate release, Defendant must have exhausted the BOP's administrative process. 18 U.S.C. § 3582(c)(1)(A). Here, Defendant acknowledges that he has not complied with the exhaustion requirements. (Doc. 69 at 4).[3]

Nevertheless, the Court acknowledges that Defendant is likely to come into federal custody in the very near future. Thus, while the Court could deny Defendant's motion without prejudice, the Court finds no reason to prolong the matter further nor to invite what would be a duplicative filing. Accordingly, for the sake of simplicity, the Court will address the statutory factors, as if the motion were ripe for decision.

Here, Defendant has brought his own motion for compassionate release (as opposed to a motion brought by the BOP), and, therefore, the Court must undertake the first and third steps of the § 3582(c)(1)(A) inquiry. Accordingly, the Court will consider whether "extraordinary and compelling reasons" warrant a reduction in Defendant's

---

[3] The Court notes that while a majority of district courts have read a custodial precursor into 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement, other courts "have diverged and found that a court can consider a defendant's motion for compassionate release prior to the defendant being in physical BOP custody." *United States v. Maxwell*, 567 F. Supp. 3d 824, 829 (S.D. Ohio 2021) (collecting cases). But such cases are generally distinguishable because those defendants had satisfied 18 U.S.C. § 3852(c)(1)(A)'s exhaustion requirements. *E.g.*, *id.* (declining to impose custodial requirement because defendant, who had an impending self-surrender date, had satisfied exhaustion requirements). Here, however, Defendant is neither in federal custody nor has he complied with the exhaustion requirements. (Doc. 69 at 4).

6

sentence and, if so, will further consider whether such a reduction is warranted in light of the relevant section 3553(a) factors.

### A. Extraordinary and Compelling Circumstance

First, the Court must find that "extraordinary and compelling reasons warrant [the sentencing] reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute does not define the term "extraordinary and compelling reasons," and Congress delegated the task to United States Sentencing Commission. *See Ruffin*, 978 F.3d at 1004. However, "[i]n cases where incarcerated persons file motions for compassionate release, <u>federal judges … have full discretion to define 'extraordinary and compelling'</u> without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1111 (emphasis added).

Here, Defendant asserts that there is an extraordinary and compelling reason to modify his sentence, because Defendant is needed at home to care for family. (Doc. 69). Specifically, Defendant states that his wife "is currently suffering from a rare and debilitating cancer of the central nervous system," resulting in "intermittent, incapacitating symptoms." (*Id*. at 5). Despite her illness, Defendant states that his wife works full-time and is the sole caregiver for herself, as well as three children—including, her own two children from a prior relationship (*i.e.*, not Defendant's biological children), as well as Defendant's daughter from a prior relationship (*i.e.*, not Ms. Mosley's biological daughter). (*Id*. at 8). Defendant asserts that, if released, he would be able to offer as an added source of income for the family, would serve as his wife's caregiver, and may also need to serve as caregiver to the children if his wife's symptoms were to worsen. (*Id*. at 5, 8).

7

While the Court acknowledges the difficulties imposed upon Ms. Mosely, the Court cannot find that the circumstances warrant Defendant's early release. Indeed, a term of incarceration is <u>often</u> a significant burden for a defendant's family, and the need to care for loved ones is a problem faced by <u>many</u> incarcerated individuals. Thus, Defendant has not shown an *extraordinary* and compelling reason for early release. *See, e.g., United States v. Apostelos*, No. 3:15-CR-403 (1), 2023 WL 2376972, at *6 (S.D. Ohio Mar. 6, 2023) (collecting cases) ("[a]n inmate's need or desire to care for an aging parent does not constitute an extraordinary and compelling reason for release").[4]

Defendant further argues that he has taken advantage of rehabilitative treatment while in state custody, and has had time to grow and reflect on his conduct. (Doc. 69 at 6-7). However, many (if not most) inmates take advantage of the rehabilitative programs offered at state and federal institutions. And while Defendant's progress is commendable, it is not extraordinary nor does not compel modification of his sentence. The Court would also note that, in spite of Defendant's rehabilitation, he has nevertheless accumulated over a dozen infractions while in the state facility. (Doc. 69-4 at 2-3).

In short, the Court cannot find that extraordinary and compelling reasons exists to warrant reduction of Defendant's sentence.

---

[4] As an aside, while Defendant states that Ms. Mosley cares for Defendant's daughter and her own two children, the ages of the children are not mentioned. At the time of Defendant's original PSR in 2010, Defendant was not even married, nor in a relationship with Ms. Mosley. (PSR at 19). He did, at that time, have a five-year-old daughter (who may or may not be the same child that Ms. Mosley now cares for). But as far as the Court knows, as of 2010, Defendant's daughter was in her biological mother's care—and in any event, she would now be 18 years old. Nevertheless, the children's ages would not change the Court's analysis.

### B. The 18 U.S.C. § 3553(a) Factors

Having found that no "extraordinary and compelling reasons" exist to warrant compassionate release, the Court may deny the motion on that finding alone. *See Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the [required] prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (citing *Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006). However, even assuming *arguendo* that "extraordinary and compelling reasons" existed, the Court nevertheless finds that reduction is not warranted based upon its consideration of all applicable § 3553(a) factors.

At the time of Defendant's revocation hearing, the Court, upon consideration of all applicable 18 U.S.C. § 3553(a) factors, sentenced Defendant to a term of 12 months imprisonment, to run consecutive to his state court sentence. To date, Defendant has served none of that sentence. For purposes of Defendant's motion, the Court has once again considered the applicable 18 U.S.C. § 3553(a) factors and, having done so, finds the imposed sentence is appropriate.

Specifically, Defendant was initially sentenced in federal court for being a felon in possession of a firearm. And despite Judge Spiegel's inclination to sentence within the Guidelines based on the aggravating factors, he nevertheless opted for a more lenient term of imprisonment at the behest of the Government. And Judge Spiegel further reduced the sentence, once again at the request of the Government. And in exchange for such extraordinary leniency, Defendant, while on federal supervision, committed an

9

armed robbery, leaving a man dead. This Court finds no comfort in Defendant's convenient claims of extraordinary rehabilitation.

In short, the Court finds that its imposed revocation sentence of 12 months imprisonment, consecutive to his state court sentence, is sufficient but not greater than necessary. Indeed, given the circumstances, this Court frankly finds a sentence of just 12 months to be extraordinarily generous for the revocation. The Court further finds that any reduction of Defendant's sentence would wholly fail to fully address the purposes of sentencing.

### IV.  CONCLUSION

Accordingly, based upon the foregoing, the Court finds that Defendant's motion is both premature and, further, without merit. Accordingly, Defendant's motion for compassionate release (Doc. 69) is **DENIED**.[5]

**IT IS SO ORDERED.**

Date:  12/21/2023                                          *s/ Timothy S. Black*
                                                                         Timothy S. Black
                                                                         United States District Judge

---

[5] Also before the Court is Defendant's *pro se* motion requesting an alternative means of confinement. (Doc. 66). "The BOP, not the court, is responsible for designating the place of a prisoner's imprisonment." *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015) (citing 18 U.S.C. § 3621(b)). Thus, Defendant's motion requesting an alternative means of confinement (Doc. 66) is **DENIED**.